IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DEBRA K. OVERHOLT, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV207-143
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Nicholas J. Lo Burgio ("ALJ" or "ALJ Lo Burgio"), denying her claim for Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for further consideration of the evidence. Defendant asserts the Commissioner's decision should be affirmed.[1]

Plaintiff protectively filed for Disability Insurance and Social Security Income ("SSI") benefits on July 23, 2004, alleging that she became disabled on February 1, 1992, as the result of end-stage renal disease, diabetes, joint pain, depression, and gastroparesis. (Tr. at 15). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On January 16, 2007, the ALJ held a hearing at which Plaintiff appeared and testified. Dan Best, a vocational expert, also

---

[1] Plaintiff sought judicial review in the United States District Court for the District of Colorado, however, a change of venue to this Court was required, pursuant to 42 U.S.C. § 405(g), after Plaintiff moved to Georgia.

testified at this hearing. (Id.). The ALJ determined that Plaintiff was not disabled for the purposes of her Disability Insurance application, but eligible to receive SSI payments. (Tr. at 27). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 7-9).

Plaintiff, born on January 16, 1957, was fifty (50) years old when the ALJ issued his decision. She has a degree in Kinesiology from the University of Northern Colorado. (Tr. at 801). Her past relevant work experience includes reception clerk, electrocardiograph technician, and telemetry technician. (Tr. at 824).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the plaintiff is not engaged in such activity, then the second inquiry asks whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is not "severe," then disability benefits are denied. Yuckert, 482 U.S. at 141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20

C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141. If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled. Id. If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing her past relevant work. Id. If the claimant is unable to perform her past relevant work, then the final step of the evaluation process determines whether she is able to perform other work in the national economy, considering her age, education, and work experience. Yuckert, 482 U.S. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the case *sub judice*, the ALJ followed the sequential process to determine that Plaintiff did not engage in substantial gainful employment after February 1, 1992. (Tr. at 26). At Step Two, the ALJ determined that Plaintiff had the severe impairment of diabetes mellitus. However, the ALJ also determined, at Step Three, that Plaintiff's medically determinable impairments were not severe enough to meet or medically equal a listed impairment. (Tr. at 26). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as a telemetry technician. (Id.).

## ISSUES PRESENTED

The issue presented in this review is whether Plaintiff's impairments were properly considered in combination.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial

AO 72A
(Rev. 8/82)

3

evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F. 2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F. 2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F. 3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F. 2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that ALJ Lo Burgio did not use the correct legal standards and that his findings are not supported by substantial evidence. (Doc. No. 18, pp. 8-10). Plaintiff asserts that the ALJ improperly discounted the opinion of her treating physician, Dr. Kingsly L. Lentz. (Doc. No. 18, p. 11; Doc. No. 23, p. 4). Plaintiff further asserts that the ALJ failed to consider all of her impairments in combination. (Doc. No. 18, pp. 12-13). Plaintiff alleges that ALJ Lo Burgio improperly assessed her credibility. (Doc. No.

18, pp. 13-14; Doc. No. 23, pp. 4-5). Plaintiff contends that ALJ Lo Burgio failed his duty to fully develop the record. (Doc. No. 18, pp. 14-16; Doc. No. 23, pp. 2-3). Plaintiff asserts that the ALJ denied her a full and fair hearing. (Doc. No. 23, p. 16).

I. **ALJ Lo Burgio erred by failing to consider Plaintiff's impairments in combination.**

Plaintiff contends that the ALJ did not consider the combined effects of her impairments at any point in his opinion. Plaintiff asserts that she suffered from both diabetes and depression and that the interplay between the two distinct problems was significant. (Doc. No. 18, p. 12). Plaintiff further asserts that while the impairments may not have disabled her individually, the combination of the two impairments rendered her unemployable. (Id. at 12-13).

Defendant asserts that ALJ Lo Burgio properly evaluated the degree of impairment caused by the combination of Plaintiff's physical and mental medical problems.[2] Defendant further asserts that the ALJ made specific findings that prior to her date last insured, Plaintiff's diabetes was a severe impairment and her depression was not a severe impairment. Defendant contends that because ALJ Lo Burgio explicitly found that Plaintiff's depression was not a severe impairment, he considered and gave weight to that impairment. Defendant further contends that the ALJ's opinion satisfies the mandates of Gibson because it clearly reflects the weight accorded to each impairment. Defendant asserts that the paucity of evidence regarding Plaintiff's depression prior to her date last insured supports the conclusion that the two

---

[2] Defendant cites Gibson v. Heckler, 779 F. 2d 619 (11th Cir. 1986) (holding that the ALJ's failure to consider all of the claimant's impairments and all of claimant's impairments in combination was reversible error and that an ALJ must state specifically the weight accorded to each item of impairment).

impairments did not combine to render her disabled prior to her date last insured. (Doc. No. 20, pp. 11-12).

If a claimant has more than one impairment, and none of them meets or equals a listed impairment, the symptoms, signs, and laboratory findings will be reviewed to determine if the combination of impairments is medically equal to any listed impairment. 20 C.F.R. § 404.1526(b)(3). When determining whether the combination of impairments is sufficient to render a claimant disabled, the ALJ will consider the combined effect of all of claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. § 404.1523. "An ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled." Davis v. Shalala, 985 F. 2d 528, 534 (11th Cir. 1993); see also Stewart v. Harris, 509 F. Supp. 31, 35 (D.C. Cal. 1980) (holding that the ALJ erred by not making specific and well articulated findings as to the effect of the combination of plaintiff's impairments in his conclusion that plaintiff's multiple impairments were not disabling).

ALJ Lo Burgio found Plaintiff to be suffering from the severe impairment of diabetes mellitus. (Tr. at 16). The ALJ further found that Plaintiff's alleged depression was not a severe impairment.[3] The ALJ observed that Dr. Lentz diagnosed Plaintiff with severe depression prior to her date last insured. ALJ Lo Burgio remarked that Dr. Lentz's opinions were not given controlling weight because he only provided a summary of his treatment record and provided no documentation of any mental status evaluation

---

[3] It is not clear from the ALJ's opinion the extent to which he discounted Plaintiff's allegations of depression. However, it appears that he only discredited the severity of depression she alleged. For example, he noted that her depressive symptoms were amenable to treatment and that her complaints of depression to other physicians were made only sporadically. (Tr. at 18).

reflecting any deficits of functioning secondary to depression. ALJ Lo Burgio further remarked that Plaintiff did not consistently raise concerns of depression to other treating physicians. The ALJ observed that medical records reflect that Plaintiff's depressive symptoms were amenable to treatment with Paxil prior to her date last insured. (Tr. at 18). The ALJ assessed Plaintiff's alleged symptoms arising from her diabetes and depression and concluded that Plaintiff's statements concerning her impairments and their impact on her ability to work prior to her date last insured were not entirely credible in light of Plaintiff's own description of her activities and lifestyle, her failure to follow prescribed treatment, discrepancies between her assertions and information contained in the documentary reports, the reports of the treating and examining practitioners, and the findings made on examination. (Tr. at 19-22).

ALJ Lo Burgio erred by failing to consider Plaintiff's impairments in combination. At no point in ALJ Lo Burgio's opinion does he mention the combined effects of Plaintiff's impairments. The ALJ must consider the combined effects of all of a claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. § 404.1526(b)(3). "An ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled." Davis, 985 F. 2d at 534. Here, ALJ Lo Burgio concluded that Plaintiff's depression was not a severe impairment, and then disregarded it for the remainder of his consideration of Plaintiff's Disability Insurance Benefits. ALJ Lo Burgio reviewed Plaintiff's alleged symptoms of depression in his residual functional capacity analysis, but did not discuss the effects of those symptoms on Plaintiff, either alone, or in combination with her diabetes. (Tr. at 20-

21). The ALJ was required to discuss the combined effects of Plaintiff's depression and diabetes in his consideration of her alleged disability. Defendant contends that the "paucity of evidence on depression before plaintiff's DLI aptly supports the conclusion that this impairment did not combine with diabetes to render plaintiff disabled prior to her DLI." (Doc. No. 20, p. 12). Regardless of whether or not Defendant's contention is true, the ALJ did not, as he was required, make specific and well-articulated findings addressing the issue in his opinion. Accordingly, this case should be remanded so that the ALJ may make appropriate findings regarding the combined effect of Plaintiff's impairments. The ALJ's analysis of the effects of Plaintiff's depression, both by itself and in combination with her diabetes, may be assisted by the inclusion of Dr. Lentz's full medical records from the period prior to her date last insured.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this  10th day of February, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE